14559

STRONG *ET AL.* v. CITY OF SUMTER *ET AL.*

SAME v. WALLACE, COUNTY TREASURER

(198 S. E., 649)

*Messrs. Epps & Epps,* for appellants, cite:

*Mr. L. E. Purdy,* for respondent, County of Sumter, and *Mr. Shepard K. Nash,* for respondent, City of Sumter, cite:

November 3, 1937.

·The opinion of the Court was delivered by MR. JUSTICE BONHAM.

These two cases were heard together on circuit and were heard together, by consent, in this Court on appeal.

It appears from the agreed statement of facts, upon which they .were heard, that the plaintiffs are trustees under the will of John K. Crosswell, deceased, and also trustees of the John K. Crosswell Home, which is an institution of purely public charity, and its property is used exclusively for its maintenance and support. The cases were heard by Hon. C. C. Featherstone, presiding in that circuit, who filed his order in the case against the city, with the statement that the issues in the two cases were identical, "and a disposi-

tion of the one disposes of the other." His order, which will be reported, states the issues and they need not be repeated here.

The issues in these two cases are practically identical with those heard and decided in the cases of *Epworth Orphanage v. Wilson,* and *Epworth Orphanage v. Town of Manning,* which cases were heard by Judge Featherstone, whose disposition of them was in accord with the views announced by him in the two cases here present. His decree and order in the other two cases were affirmed by this Court (193 S. E., 644), and the appeals in the two cases now on appeal are controlled by that opinion.

There is one issue presented here not present in the other two cases.

Exception IV charges the trial Judge with error in not referring the matter to ascertain the amount of land which does not bring in sufficient income to pay the taxes.

Nowhere in the complaint nor in the agreed statement of facts is there a suggestion that the income from any part of the taxed property is insufficient to pay the taxes assessed against it. It is for the failure to make such claim in the complaint that the demurrer on that ground was sustained.

No motion was made to have the case referred for the purpose named. It was stated in the printed argument of respondent's counsel, and not controverted, that counsel in the *City case* had an agreement that if any of the property of the Crosswell Home, which is within the city limits, is shown not to produce income enough to pay the taxes, the city will refund such taxes.

The exception is overruled.

The order of the Circuit Judge is affirmed as to both cases.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.